<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| KOGER, INC., | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 08-4175 (SRC) |
| | : | |
| v. | : | |
| | : | **OPINION & ORDER** |
| MARIAN KLCO, JANA | : | |
| POTOCNAKOVA, MARTIN MADEJ, | : | |
| MIKULAS KLASOVSKY and IVAN | : | |
| MESARC, | : | |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |

**CHESLER**, District Judge

 This matter comes before the Court upon the motion filed by Plaintiff Koger, Inc.

("Plaintiff" or "Koger") to certify the Court's interlocutory Orders of March 9, 2009, April 14,

2009 and July 7, 2010 for appeal pursuant to 28 U.S.C. § 1292(b) [docket entry 88]. In relevant

part, the Order of March 9, 2009 granted Defendants' motion to dismiss claims based on

employment contracts, concluding in an accompanying opinion that (1) Slovakian law applied to

the question of whether valid contracts existed and (2) as such, the employment contracts were

invalid and unenforceable because they were not written in Slovakian. The April 14, 2009 Order

denied Plaintiff's motion for reconsideration of the March 9, 2009 Order, and the July 7, 2010

Order denied Plaintiff's second motion for reconsideration, a motion Plaintiff filed with the

express permission of the Court. Defendants have opposed the motion to certify the

interlocutory orders for appeal.  The Court has considered the papers submitted by the parties and rules based on the written submissions and without oral argument, pursuant to Federal Rule of Civil Procedure 78.  For the reasons that follow, the Court will deny Plaintiff's motion.

Generally, only "final decisions of the district courts of the United States" may be appealed to the courts of appeal.  28 U.S.C. § 1291.  The Supreme Court has held that "[t]he finality requirement of 28 U.S.C. § 1291 embodies a strong congressional policy against piecemeal reviews, and against obstructing or impeding an ongoing proceeding by interlocutory appeals."  United States v. Nixon, 418 U.S. 683, 690 (1974).  Interlocutory orders, such as the three orders at issue in this motion, may not be appealed, unless the district court certifies them pursuant to 28 U.S.C. § 1292(b).  In relevant part, that statute provides as follows:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b).

According to the statute, certification may not be granted unless three criteria are met. The order from which appeal is taken must: "(1) involve a controlling question of law, (2) offer substantial ground for difference of opinion as to its correctness, and (3) if appealed immediately materially advance the ultimate termination of the litigation."  Katz v. Carte Blanche Corp., 496 F.2d 747, 754 (3d Cir. 1974) (en banc).  The decision to certify an order under section 1292(b) is left wholly to the discretion of the district judge.  Coopers & Lybrand v. Livesay, 437 U.S. 463, 474 (1978).  A court may deny the application, even if all three of the criteria are present.

Bachowski v. Usery, 545 F.2d 363, 368 (3d Cir. 1976) (citing Katz, 496 F.2d at 754).  Indeed, noting that "Congress carefully confined the availability of such review," the Supreme Court has held that even after a district court has in its discretion certified an order under section 1292(b), a court of appeals may nevertheless decline to entertain the appeal if the appellant fails to meet its burden of "'persuading the court of appeals that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'"  Coopers & Lybrand, 437 U.S. at 475 (quoting Fisons, Ltd. v. United States, 458 F.2d 1241, 1248 (7th Cir. 1972)).

Before turning its attention to the application of this legal standard to the instant motion, the Court feels compelled to note the substantial delay between the entry of the orders from which Plaintiff would like to take an "immediate" appeal and the filing of this motion on August 4, 2010.  While it is true, as Plaintiff argues, that neither section 1292(b) nor interpretive caselaw set any time constraints on when a party must file such a motion for permission to seek prompt review of a non-final order, the entire procedure for departing from the normal course of appealing only final orders suggests a need for timeliness.  Indeed, the statute itself requires the applicant to demonstrate that "immediate" appeal of an interlocutory order will materially advance the termination of the litigation.  Moreover, the statute requires that application to the court of appeals must be made within 10 days of the entry of the district court's order certifying a non-final order for appeal.  28 U.S.C. § 1292(b).  Delay between entry of the order for which certification is sought and the filing of a motion for this relief has been considered as a factor militating against granting certification.  See Ferraro v. Secretary of HHS, 780 F.Supp. 978, 979 (S.D.N.Y. 1992).  Although the instant motion by Koger was filed within a month of the July 7,

2010 denying a second motion for reconsideration, it was in the March 9, 2009 Order that the Court decided the substantive issue Koger would like the Third Circuit to review "promptly." The Court takes note of this factor as indicative of the inappropriateness of a certifying the three orders at issue for appeal.

In any event, the Court will deny the motion because the three requisite criteria of section 1292(b) have not been met.  Plaintiff has failed to persuade the Court that an appeal may materially advance the resolution of this action.  The issue the Court decided in the March 9, 2009 Order goes only to the contractual theories of relief Plaintiff pleads based on allegations that Defendants used Koger's confidential information while working for a competitor of Koger to develop competing software.  This same alleged misconduct underlies Plaintiff's other, remaining claims.  Certification would thus neither materially advance this action nor save the court and the parties substantial time and expense, as Plaintiff would nevertheless have to develop its non-contract claims based on Defendants' alleged stealing of code and use of Koger's confidential information in their employment by Koger's competitor.  Further, as Defendants indicate in their opposition brief, assuming for the sake of argument that Plaintiff were successful in appealing the Court's orders regarding the unenforceability of the employment contracts for not being written in Slovakian, a remand from the Third Circuit to this Court would require the parties to continue litigating various other questions which were never reached about the enforceability of the contracts.

The Court additionally notes the status of the related and parallel litigation in Ireland in which Koger sought relief against the competitor company that employed the individual Defendants named in this action (hereinafter, the "Irish litigation").  As the parties are aware, this

4

action had been stayed pending a resolution of the Irish litigation, given the substantial overlap of issues and the likelihood that a decision in the Irish litigation would obviate many if not all of Koger's claims in this case regarding Defendants' alleged "aiding and abetting" the defendants in the Irish litigation by stealing code for the benefit of Koger's competitor company.  The Irish litigation has gone to trial, and the Irish High Court issued its judgment in October 2010 dismissing Koger's claims.  While this Court does not have any information concerning the finality of that decision, it finds that the impact of the decision in the Irish litigation on this action further militates against granting the extraordinary relief of allowing Plaintiff to bypass the usual appellate channels.

In short, the Court finds that certification pursuant to section 1292(b) is not warranted, and in its discretion, declines to grant Plaintiff the requested relief.  Accordingly,

**IT IS** on this 3rd day of November, 2010,

**ORDERED** that Plaintiff's motion to certify the Court's interlocutory Orders of March 9, 2009, April 14, 2009 and July 7, 2010 for appeal pursuant to 28 U.S.C. § 1292(b) [docket entry 88] be and hereby is **DENIED**.


                                                                    s/ Stanley R. Chesler
_____          STANLEY R. CHESLER
                                                                    United States District Judge